Ilan D. Scharf
Jeffrey P. Nolan (Pro Hac Vice Pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.,*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC.[1] | : Case No. 18-71748 (AST) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

---------------------------------------------

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : Adv. Pro. No. 20-_____ (AST) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ELENA SARTISON; 2 RIVER TERRACE APARTMENT 12J, LLC; CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER; ELLIOTT GREENE, | : |
| | : |
| Defendants. | : |

---------------------------------------------

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF: (1) FRAUDULENT TRANSFERS; (2) TURNOVER OF PROPERTY OF THE
ESTATE; AND (3) RECOVERY OF AVOIDED TRANSFERS; AND
(4) DECLARATORY RELIEF PURSUANT TO 11 U.S.C. §§ 542, 544, 548 AND 550**

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion

Healthcorp, Inc., et al., (the "Plaintiff" or the "Liquidating Trustee"), for the estates of the

above-captioned debtors in the above-captioned cases pending under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"), by and through its undersigned counsel, as and for

its *Complaint for Avoidance and Recovery of Fraudulent Transfers, Turnover Of Property Of*

*The Estate; Recovery of Avoided Transfers and Declaratory Relief Pursuant to 11 U.S.C. §§ 542,*

*544, 548 and 550* (the "Complaint") against the above-captioned defendants (the "Defendants"),

alleges as follows:

## THE PARTIES

1.      Plaintiff is the Liquidating Trustee under that certain Liquidating Trust

Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc.

and certain of their affiliates.

2.      Upon information and belief, Defendant Elena Sartison ("Sartison") is an

individual currently residing in the State of New York.

3.      Upon information and belief, Defendant 2 River Terrace Apartment 12J,

LLC. is a limited liability company formed under the laws of the State of New York ( "River

Terrace LLC").

4.      Upon information and belief, Defendant Elliott Greene ("Greene") is an

individual currently residing in the States of California and/or New York.  Upon information and

belief, at all relevant times herein, Defendant Greene was the brother of Mitch Greene an

attorney with the law firm of Robinson, Brog, Leinwand, Greene, Genovese & Gluck ("Robinson Brog").

5.        Upon information and belief, Defendant Clodagh Bowyer Greene ("Bowyer") is an individual currently residing in the States of California and/or New York. Upon information and belief, at all relevant times herein Bowyer was the spouse of Defendant Greene.

## STANDING

6.        On March 16, 2018, each of the Debtors except New York Network Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code and  NYNM commenced its voluntary petition on July 5, 2018 (collectively, the "Debtors").   The Debtors' cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

7.        On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "**Plan**").

8.        The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtor's Estates. The Effective Date occurred on March 1, 2019.

9.      The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

## JURISDICTION AND VENUE

10.      The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

11.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

12.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

13.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

14.      This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 542, 544, 548, 550, and 551 of the Bankruptcy Code and sections 273, 274, 275 and 276 of the New York Debtor & Creditor Law (the "NY Debt & Cred L"), made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date.

## FACTS

15.      The Debtors are a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue

cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

16.     Parmjit Parmar a/k/a Paul Parmar ("Parmar"), was the former Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc. ("CHT"), Sotirios Zaharis, a/k/a Sam Zaharis ("Zaharis"), was the former Chief Financial Officer of CHT, and Ravi Chivukula ("Chivukula") was the Controller and Secretary of CHT from approximately 2013 to 2017.  Parmar, Zaharis and Chivukula served on the board of directors of CHT.  Parmar, Zaharis and Chivukula, in combination with one another and with others, operating through various Debtors, moved money and established off-balance sheet accounts to redirect monies of the Debtors for their own personal use.  The Debtor, and the aforementioned associates, utilized a Wells Fargo IOLA account overseen by the law firm of Robinson Brog.   Upon information and belief, Robinson Brog also represented Parmar, Zaharis and Chivukula personally in their business, litigation and private affairs.

17.     On or about 2018, Parmar, Zaharis and Chivukula were indicted by the United States Attorney's Office, District of New Jersey, for creating fictitious business entities, balance sheets, doctored bank statements, fabricating customers as well as generating fake income streams, and sham acquisitions in an effort to divert monies from the Debtor.  As alleged, Parmar, Zaharis and Chivukula diverted funds to enrich themselves, their friends, family and associates.

## A.    The Real Estate Transaction:

18.    On or about February 19, 2016, Parmar with the assistance of Zaharis and Chivukula, wrongfully caused funds of the Debtor, Constellation Healthcare Technologies, LLC. to be misappropriated to purchase the real property located at 2 River Terrace, Apt. 12J, New York, N.Y. ( the "Condominium Unit").

19.    Defendants Greene and Bowyer were identified as the sellers, and Defendant River Terrace, LLC, the purchaser with a stated purchase price of $5,450,000.  Upon information and belief, the identity of the true purchaser, Parmar, was known by Robinson Brog and specifically Mitchell Greene who was privy to the discussion involving the Condominium Unit acquisition.  Robinson Brog assisted Parmar to transfer the funds and to obfuscate the fact Parmar would be personally utilizing the Condominium Unit.  Defendant River Terrace, LLC. was fabricated specifically for the acquisition of the Condominium Unit, without a legitimate business purpose, and for the personal benefit of others than the Debtors.

20.    On February 19, 2016, the Debtor, Constellation Healthcare Technologies, LLC paid $4,967,226.74 to Defendants Greene and Bowyer as set forth in particular on Exhibit "A" (the "Transfer").

21.    Upon information and belief, Defendant Sartison is/was the girlfriend of Parmar.  Defendant Sartison held no formal position with the Debtor.   Upon misappropriating the funds of the Debtors for the purchase of the Condominium Unit, Parmar and/or Defendant Sartison occupied the Condominium Unit without compensation to the Debtor.

## B.    Spending Spree:

22.    Between March 16, 2016 to March 15, 2018, Debtor Constellation Healthcare Technologies, Inc. ("CHT") made transfers to the Defendant Sartison in the amount of $97,737.42 (the "Card Transfer"), within the two years of the filing of the petition date,

including the specific transfers reflected on Exhibit "B", which is incorporated by reference.  The

Card Transfer was made for the benefit of some person or entity other than CHT, such that CHT

received no consideration in exchange for the Card Transfer.  As evidenced by the attached

Exhibit "B", Defendant purchased personal and luxury items such as jewelry, equestrian club

services, vacations and other luxury items which CHT paid.

### FIRST CLAIM FOR RELIEF
**(For Avoidance and Recovery of Intentionally Fraudulent Transfers Under
11 U.S.C. § 548 and NY Debt & Cred L § 276 Against Defendant Sartison)**

23.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

24.     The Defendant received the Card Transfer totaling $97,737.42 from the

Debtors.

25.     The Card Transfer was made by the Debtors with actual intent to hinder or

delay or defraud their creditors insofar as the Card Transfer was concealed and orchestrated

through a scheme to divert and redirect monies of the Debtor for the personal benefit of Parmar

and his friends and associates.

26.     The Card Transfer was made to or for the benefit of Defendant.

27.     Accordingly, the Card Transfer is avoidable, and should be avoided, as

intentionally fraudulent transfers pursuant to § 548(a)(1)(A) and NY Debt & Cred L § 276, and

may be recovered from Defendant pursuant to § 548 and the NY Debt & Cred L.  Plaintiff is

entitled to an order and judgment under 11 U.S.C. § 544 that the Card Transfer be avoided.

## SECOND CLAIM FOR RELIEF
### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L §§ 273-275, *et seq.*, Against Defendant Sartison)

28.     Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

29.     Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors: (a) were insolvent, or became insolvent as a result of the Card Transfer; (b) were engaged in or were about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due; or (d) made such Card Transfer to or for the benefit of an insider or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

30.     Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred for the Card Transfer. As a result, the Debtors paid and received in value nothing from Defendant.

31.     At all relevant times, the Card Transfer was avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that the Transfer is avoided.

## THIRD CLAIM FOR RELIEF
### (For Avoidance and Recovery of Intentionally Fraudulent Transfers Under 11 U.S.C. § 544 and NY Debt & Cred L § 276 Against Defendants River Terrace, LLC, Greene and Bowyer)

32.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

33.     The aforementioned Defendants received the Transfer totaling not less than $4,967,226.74, from the Debtors.  Plaintiff reserves the right to amend the complaint to include the balance of the purchase price should it be determined the Debtors' funds were utilized for the down payment.  Defendants are on notice of such amounts.

34.     The Transfer was made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the Transfer was concealed and orchestrated through a scheme to divert and redirect monies of the Debtors for the personal benefit of Parmar and his friends and associates.

35.     The Transfer was made to or for the benefit of Defendants.  Accordingly, the Transfer is avoidable, and should be avoided, as intentionally fraudulent transfers pursuant to § 544(b) and NY Debt & Cred L § 276, and may be recovered from Defendants pursuant to § 544 and the NY Debt & Cred L.  Plaintiff is entitled to an order and judgment under 11 U.S.C. § 544 that the Transfer be avoided.

### FOURTH CLAIM FOR RELIEF
### (To Avoid Constructively Fraudulent Transfers Under
### 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L §§ 273-275, *et seq.*,
### Against Defendants River Terrace, LLC, Greene and Bowyer)

36.     Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

37.     The aforementioned Defendants received the Transfer totaling not less than $4,967,226.74, from the Debtors.  Plaintiff reserves the right to amend the complaint to include the balance of the purchase price should it be determined the Debtors' funds were utilized for the down payment.  Defendants are on notice of such amounts.

38.     Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors: (a) were insolvent, or became insolvent as a result of the Transfer; (b) were engaged in or were about to engage in a business or a transaction for which their remaining

assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due; or (d) made such Transfer to or for the benefit of an insider or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

39.     Plaintiff is informed and believes, and thereon asserts, that the aforementioned Defendants did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred for the Transfer. As a result, the Debtors paid and received in value nothing from Defendants.

40.     At all relevant times, the Transfer was avoidable pursuant to 11 U.S.C. § 544(b) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that the Transfer is avoided.

### FIFTH CLAIM FOR RELIEF
**(For Turnover of Property of the Estate Under 11 U.S.C. § 542
Against Defendant River Terrace, LLC)**

41.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

42.     Upon the commencement of the Debtors' bankruptcy cases, the estate succeeded to the rights to the property of the estate as defined in 11 U.S.C. § 541.

43.     Pursuant to 11 U.S.C. §542, Plaintiff is entitled to turnover of the Condominium Unit transferred to Defendant River Terrace, LLC, or the proceeds thereof, as identified in particular on Exhibit "A".

### SIXTH CLAIM FOR RELIEF
**(For Recovery of Property -- 11 U.S.C. §§ 544(b) and 550 and
NY Debt & Cred L Against All Defendants )**

44.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

45.     As the Defendants are the initial, immediate or mediate transferees of the Transfer, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to pursuant to 11 U.S.C. § 550(a).

46.     As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. §§ 542, 544, and 548.  As Defendants are the initial, immediate or mediate transferees of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code and NY Debt & Cred L.

## SEVENTH CLAIM FOR RELIEF
### (For Declaratory Relief Against Defendant River Terrace, LLC)

47.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

48.      By reason of the fact that the Condominium Unit acquisition and the Transfer was an intentionally or constructively fraudulent transfer and/or avoidable preferential transfer, and are avoidable, Plaintiff asserts an ownership right in the Transfer identified on Exhibit "A" superior to that of Defendants, such that Plaintiff's interest should be free and clear of all other interests.

49.     Plaintiff is informed and believes and thereon asserts that others may assert an interest in these funds or the Condominium Unit.

50.     By reason of the conflicting assertions by Plaintiff and the Defendants, a justiciable controversy exists between the Parties such that the issuance of declaratory relief is appropriate and warranted.

51.     Plaintiff seeks a declaration that it is the true owner of the Transfer and/or the Condominium Unit, and the Transfer to Defendants, should be avoided and/or property returned to the Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.      For a determination that the Card Transfers are avoidable fraudulent transfers under 11 U.S.C. §§ 544, and 548, of the Bankruptcy Code and Sections 273-276 of NY Debt & Cred L, *et seq.,* as applicable, and that the Plaintiff is entitled to recover the Card Transfers under 11 U.S.C. § 550  of the Bankruptcy Code;

b.      For a determination that the Transfer was a fraudulent conveyance under 11 U.S.C. §§ 544(b) and pursuant to sections NY Debt & Cred L. §§ 273, 274, and 275, and that Plaintiff is entitled to recover the Transfer, or the value thereof, under applicable federal and New York state law;

c.      For a Declaration from this Court that property as identified as 2 River Terrace, Apt. 12J, New York, NY, in the possession, custody or control of River Terrace, LLC, is avoided, and property of the Debtor, and is to be immediately returned.

d.      For Turnover of the Debtors' property located at 2 River Terrace, Apt. 12J, New York, NY, pursuant to 11 U.S.C. § 542;

e.      Awarding to the Plaintiff the costs of suit incurred herein, including pre- and post-judgment interest; and

        f.      For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 13, 2020

                                     */s/ Ilan D. Scharf*
                                     Ilan D. Scharf, Esquire
                                     Jeffrey P. Nolan, Esquire
                                     PACHULSKI STANG ZIEHL & JONES LLP
                                     780 Third Avenue, 36th Floor
                                     New York, New York 10017
                                     Telephone:    (212) 561-7700
                                     Facsimile:    (212) 561-7777

                                     Counsel for the Plaintiff,
                                     Howard M. Ehrenberg in his capacity
                                     as Liquidating Trustee of Orion Healthcorp, Inc., et al.,

SERVICE LIST


Elena Sartison
419 Park Avenue
New York, NY 10016

Elena Sartison
2 River Terrace, Apt 12J
New York, NY 10282

2 River Terrace Apartment 12J, LLC
THE LIMITED LIABILITY COMPANY
2 RIVER TERRACE, APT. 12J
NEW YORK, NY  10282

CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER
814 1ST Street
Manhattan Beach, CA  90266-6602

ELLIOTT GREENE
2 River Terrace, Apt. 12J
New York, NY  10282

2 River Terrace Apartment 12J, LLC
Attn:  Phil Thomas, Esq.
c/o ROBINSON BROG LEINWARD GREENE, ET AL.
875 THIRD AVENUE
NEW YORK, NY  10022